**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

CREDIT GENERAL INSURANCE
COMPANY, *et al.*,

        Plaintiffs,

     v.

INSURANCE SERVICES GROUP,
INC., *et al.,*

        Defendants.

Case No. 2:05cv148

Judge Michael H. Watson

## OPINION AND ORDER

Before the Court are the following:

1.     The October 21, 2005 Report and Recommendation (hereinafter "Report")

of the Magistrate Judge(Doc. 21). Defendants Insurance Services Group,

Inc. And Appalachian Underwriters Inc. (hereinafter collectively

"Defendants") filed Objections to the Report (Doc. 22) on November 2,

2005. Plaintiffs Credit General Insurance Company and Credit General

Indemnity Company (hereinafter collectively "Plaintiffs") filed a Response

(Doc. 23) on November 11, 2005. Defendants filed a Reply (Doc. 24) on

November 23, 2005.[1]

2.     The November 29, 2005 Motion of Plaintiffs to Strike Defendants' Reply

(Doc. 25). Defendants filed a Memorandum in Opposition to Plaintiffs'

Motion to Strike Defendants' Reply (Doc. 26) on December 1, 2005.

---

[1]For the reasons discussed below, the Court shall not consider Defendants' Reply Memorandum
(Doc. 24).

## I.   OBJECTIONS TO REPORT

### A.   Legal Standard

When objections are timely received to a magistrate judge's Report and Recommendation on a dispositive matter, the assigned district judge "shall make a de novo determination...of any portion of the magistrate judge's disposition to which specific written objection has been made..." Fed. R. Civ. P. 72(b).  After review, the district judge "may accept, reject or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id. "[R]emand motions are dispositive and, and as such, can only be entered by district courts. Vogel v. U.S. Office Products Co. 258 F.3d 509, 517 (6th Cir. 2001).

### B.   October 21, 2005 Report

The Report  issued by the Magistrate Judge, makes the following recommendations:

1.   Grant March 17, 2005 Motion of Plaintiffs to Remand (Doc. 7), and remand this action to the Franklin County Court of Common Pleas; and

2.   Deny Plaintiffs' request for attorney fees and costs.

The Court notes Defendants' objections concern only the first recommendation and do not address the Magistrate Judge's recommendation that Plaintiffs' request for attorney fees and costs be denied.

Defendants contend the Magistrate Judge, in allowing McCarran-Ferguson reverse preemption to apply, misinterprets the Sixth Circuit's analysis in AmSouth Bank

*v. Dale*, 386 F.3d 763 (6th Cir. 2004). Defendants argue Plaintiffs' action is an "ordinary contract action" and, thus, too attenuated to the "regulation of insurance". As such, Defendants argue it should not be governed by provisions of O.R.C. Chapter 3903, the Ohio Insurers Supervision, Rehabilitation, and Liquidation Act.

After *de novo* review of this matter, the Court concludes, contrary to Defendants' assertion, the Magistrate Judge did not misinterpret the analysis of *AmSouth*. Instead, as demonstrated by the Magistrate Judge, *AmSouth* is distinguishable from the current claims. Plaintiffs' claims seek to recover premiums and commissions owed to the insolvent insurance companies. Further, in collecting these assets, the Liquidator will directly advance the interests of the policyholders. Additionally, unlike the claims in *AmSouth,* this action is not a common law damages suit but instead derives from the Ohio statutory scheme. As such, for this Court to exercise jurisdiction would directly interfere with Ohio's complex statutory scheme, which was not involved in *AmSouth.* Therefore, Defendants' argument *AmSouth* controls fails and McCarran-Ferguson reverse preemption applies.

Accordingly, November 2, 2005 Objections of Defendants to the Report and Recommendation (Doc. 22) are hereby **DENIED** and the October 21, 2005 Report of the Magistrate Judge is hereby **ADOPTED.** The March 17, 2005 Motion of Plaintiffs to Remand (Doc. 7) is hereby **GRANTED IN PART** and this matter shall be **REMANDED** to the Franklin County Court of Common Pleas and **DENIED IN PART** with respect to Plaintiffs' request for attorney fees and costs.

2:05cv148

## II. **MOTION TO STRIKE**

Plaintiffs seek, pursuant to Fed. R. Civ. P. 72 and 12(f), an order from the Court striking Defendants' Reply to Plaintiffs' Memorandum in Opposition to Defendants' Objections to Report and Recommendation of Magistrate Judge (Doc. 24).

Fed. R. Civ. P. 72 states in part,

> Within 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 10 days after being  served with a copy thereof.

As such, while the rule permits the filing of objections and a response, it does not contemplate a reply memorandum by the objecting party.  Notwithstanding, Defendants argue "the unlimited scope of S.D. Ohio Civ. R. 7.2 should not be abrogated by the silence of Fed. R. Civ. P. 72(b)."  However, S.D. Ohio Civ. R. 7.2 applies to motions and and opposing and reply memoranda.

> 7.2    MOTIONS AND OTHER PAPERS
>
> (a)    Legal Memoranda.
>
> (1)    ...All Motions and applications tendered for filing shall be accompanied by a memorandum in support....
> (2)    ...Any memorandum in opposition shall be served within twenty-one (21) days from the date of service set forth in the certificate of service attached to the *Motion*...A reply memorandum may be served within eleven (11) days after the date of service of the memorandum in opposition....

(Emphasis added).  There is no mention of objections to a Magistrate Judge's Report and Recommendation and, as such, does not alter Fed. R. Civ. P. 72.

Accordingly, Defendants' Reply Memorandum is not an appropriate filing. Thus, the November 29, 2005 Motion of Plaintiffs to Strike Defendants' Reply to Plaintiffs'

2:05cv148

Memorandum In Opposition to Defendants' Objections to the Report and

Recommendation of the Magistrate Judge (Doc. 25) is **GRANTED**.

    **IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**